IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA and
JOSE R. PADILLA,

                 ORDER

       Plaintiff,

                 11-cv-089-bbc

  v.

GREGORY GRAMS, Warden,
KURT SCHWEBKE, JERRY MAIER,
DARCI BURRESON, JENNIFER NICKELS,
STEVE HELGERSON, DALIA SULIENE, Dr.,
JANE DOES 1-12 and JOHN DOES 1-12,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiffs Natanael Rivera and Jose R. Padilla, prisoners at the Columbia Correctional Institution, have filed a proposed civil complaint. The proposed complaint contains only the signature of Jose R. Padilla. In addition, on February 9, 2011, plaintiff Jose Padilla filed a letter stating that he would like to continue the lawsuit by himself. This letter will not be given any consideration because a statement of withdrawal from a case would need to come from the actual person who is withdrawing. However, because Natanael Rivera did not sign the complaint, I will give Rivera an opportunity to withdraw from the lawsuit. Should Rivera choose remain in this lawsuit, he will be required to sign the complaint and make an initial payment of the $350 fee for filing the action. A copy of the complaint is being returned to plaintiff Natanael Rivera for his signature along with his copy of this order. Should plaintiff

1

Rivera fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

Next, plaintiff Jose Padilla has submitted a motion for leave to proceed in forma pauperis along with the proposed complaint. Plaintiff Natanael Rivera did not submit a motion for leave to proceed in forma pauperis, but the court will construe the complaint to include a request to proceed in forma pauperis on his behalf. A decision on these requests will be delayed until both plaintiffs make an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Plaintiffs' initial partial payments cannot be calculated at this time because the court requires their trust fund account statements from the six-month period immediately preceding the filing of his complaint. Plaintiffs' complaint was submitted on February 1, 2011. Their trust fund account statements should cover the period beginning approximately August 1, 2010 and ending approximately February 1, 2011.

As a final note, plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. The court is required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action on a finding that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Therefore, each plaintiff assumes the risk of incurring a strike if a claim relating to any other plaintiff warrants a strike under § 1915(g). In addition, each plaintiff will be held legally responsible for knowing precisely what is being

2

filed in the case on his behalf, even though a third party may have written it. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case. Further, in screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff. If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Natanael Rivera may have until March 8, 2011, in which to submit a signed complaint and a trust fund account statement for the period beginning August 1, 2010 and ending approximately February 1, 2011.

2. Plaintiff Jose Padilla may have until March 8, 2011, in which to submit a trust fund account statement for the period beginning August 1, 2010 and ending approximately February 1, 2011.

3. If, by March 8, 2011, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit

voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 14th day of February, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge