IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE R. PADILLA and
NATANEAL RIVERA,

                                                                 ORDER

                 Plaintiffs,

                                                 11-cv-89-bbc

    v.

GREGORY GRAMS, Warden,
KURT SCHWEBKE, JERRY MAIER,
DARCI BURRESON, JENNIFER NICKERS,
STEVE HELGERSON, DALIA SULIENE, Dr.,
JANE DOES 1-12 and JOHN DOES 1-12,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil action for monetary relief, plaintiffs Jose Padilla and Nataneal Rivera contend that defendants, who are employed in various positions at the Columbia Correctional Institution, violated plaintiffs' constitutional rights while they were incarcerated there. Plaintiffs are proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and have each made initial partial payments.

       Because plaintiffs are prisoners, I am required by the 1996 Prison Litigation Reform Act to screen their complaint and dismiss any portion that is legally frivolous, malicious, fails

to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Having reviewed the complaint, I conclude that plaintiffs may not proceed at this time because their complaint does not comply with the Federal Rules of Civil Procedure. I will provide plaintiffs an opportunity to file an amended complaint that complies with the rules. Additionally, because it is not clear whether plaintiffs will be proceeding on any claims, I will deny their motion for appointment of counsel, dkt. #13. Plaintiffs may renew the motion if they are granted leave to proceed on any of the claims in this case.

DISCUSSION

A. Proposed Class Action

As an initial matter, plaintiffs assert that his lawsuit is a class action on behalf of all prisoners who are or were formerly incarcerated at the Columbia Correctional Institution in Portage, Wisconsin. They have asked that the lawsuit be certified under Fed. R. Civ. P. 23. Before the court may certify a class action, four prerequisites must be met:

> (1) The class [must be] so numerous that joinder of all members is impracticable; (2) there [must be] questions of law or fact common to the class; (3) the claims or defenses of the representative parties [must be] typical

2

> of the claims or defenses of that class; and (4) the representative parties [must] fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Although plaintiffs may be able to satisfy some of these requirements, assuming that they file an amended complaint that complies with the federal rules of procedure, they cannot proceed on a class action because they are not represented by a lawyer. Because absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Fed. R. Civ. P. 23(g) (requiring class counsel in class action cases; setting standard for appointing such counsel). Therefore, plaintiffs' request for class certification will be denied.

### B. Rule 20 and Rule 8 Problems

Plaintiffs have tried to cram multiple lawsuits into one. The complaint contains allegations regarding plaintiffs' individual experiences that are unrelated to the experiences of others and involve many different defendants at the Columbia Correctional Institution. For example, plaintiff Rivera alleges that the health services unit gave him defective crutches; nurses in the health services unit denied him pain medication for his back; prison staff discriminated against him because he cannot write in English; nurses refused to provide him adequate treatment for food poisoning and an allergic reaction; and the psychological services

3

staff did not provide him adequate treatment for his mental and emotional disorders. Plaintiff Padilla alleges that the psychological services staff denied him adequate mental health care and required him to stay in observation; prison staff used excessive force against him when they forced him to the floor; he was left in a cold cell without clothing for three days; and the health services unit refused to remove staples from his hand and leg. With the exception of vague allegations regarding unlawful prison policies, there are no allegations that connect plaintiff Rivera's experiences with those of plaintiff Padilla.

Under Fed. R. Civ. P. 20(a)(1), two people may join in one action as plaintiffs if they both assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." It is not clear from plaintiffs' complaint whether any of their claims arise out of a common set of facts or raise questions of law or fact that are common to both of them. Thus, plaintiffs' complaint violates Rule 20(a)(1).

Additionally, including all of these unrelated claims against different defendants in the same complaint violates Rule 20(a)(2). Under Rule 20(a)(2), a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that both arises out of the same transaction or occurrence or series of transactions or occurrences and presents

4

questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978). In other words, the plaintiff may assert claims against more than one defendant if he asserts that all of the defendants were involved in the same alleged wrongdoing.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., Federal Practice & Procedure, which means that the court must determine one central group of allowable defendants under Rule 20 before allowing a plaintiff to join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

A third problem with many of plaintiffs' claims is that they do not provide enough detail to give notice to defendants of what the claims are. This violates Fed. R. Civ. 8, which requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the plaintiff must allege facts with enough specificity to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In many instances, plaintiffs' allegations do not meet this standard because they do not identify any

5

particular defendant who was involved in the alleged incidents. In fact, none of the defendants are mentioned specifically within the body of the complaint. More generally, plaintiffs' complaint is difficult to understand in many parts because plaintiffs are too focused on using "legal" language or relying on general allegations and statistics about the Wisconsin prison system and its policies, rather than simply telling the story of what happened *to them*.

Because plaintiffs' complaint violates Rule 8 and Rule 20, I cannot allow plaintiffs to proceed at this time, but I will give them an opportunity to amend their complaint. Although the complaint is deficient in too many respects to describe each problem in detail, I will give plaintiffs some general guidelines to consider.

1. Rule 20 problems

- Plaintiff Rivera and plaintiff Padilla may not join as plaintiffs in this action unless they are asserting claims that arise out of the same transaction, occurrence or series of transactions or occurrences and raise a common question of law or fact. If plaintiff Rivera is suing defendant Suliene and defendant Padilla is suing defendant Helgerson regarding unrelated events, plaintiffs' claims should not be part of the same lawsuit and the lawsuit will need to be severed into two separate cases. On the other hand, if plaintiffs are challenging the constitutionality of particular prison policies affecting both of them, they may be able to proceed together in one lawsuit.

- Plaintiffs should limit their claims to one event or series of events unless they are suing the same defendants. For example, a plaintiff could have one lawsuit for breach of contract against defendants A, B, C and D and an unrelated lawsuit for personal injury against defendants A, B and Z. If the plaintiff wanted to proceed with both

6

claims in the same lawsuit under Rules 18 and 20, he would have to dismiss defendants C and D from the first lawsuit or he would have to dismiss defendant Z from the second lawsuit. In this way, the same "core" of defendants (A and B) is common to both claims.

In this case, claims about discrimination or excessive force should not be included with claims against another set of defendants for inadequate health care or unconstitutional conditions of confinement. Even a claim about inadequate mental health treatment should not be part of the same lawsuit as a claim about inadequate treatment for food poisoning if they involve different incidents and different defendants.

2. Rule 8 problems

- Plaintiffs should limit the information in their complaint to facts directly related to their claims.

- Plaintiffs should identify clearly which defendants they mean to sue and for which claim. They should explain in as much detail as they can how each defendant was involved in an alleged violation. It is not enough to allege that plaintiffs were refused mental health treatment. What persons, if any, did they tell about their need for mental health treatment? Did anyone respond? If so, who were they and what did they do for them or fail to do for them?

- If plaintiffs believe that a particular defendant discriminated against him, he must allege facts showing that he was treated differently intentionally and that the defendant had no reasonable basis for the difference in treatment. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007).

- More generally, plaintiffs should avoid attempts to make their complaint sound more "legal." The complaint is not a brief or an argument. Rather, plaintiffs should write their complaint as if they are telling a story to someone who knows nothing about it.

Plaintiffs may have until May 13, 2011, in which to file an amended complaint that

7

complies with the Federal Rules of Civil Procedure.

## ORDER

IT IS ORDERED that

1. Plaintiff Natanael Rivera's and Jose Padilla's complaint is DISMISSED without prejudice for plaintiffs' failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiffs may have until May 13, 2011 to file an amended complaint that complies with Rule 8 and Rule 20. If plaintiffs do not respond by that date, the clerk of court is directed to close the case.

2. Plaintiffs' motion for appointment of counsel, dkt. #13, is DENIED without prejudice.

Entered this 3d day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge